**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**JANE DOE,**

                **Plaintiff,**

   v.                                                                      1:19-cv-00456

**YWCA OF NORTHEASTERN NY,**
**DOBER BLAZE PROPERTIES LLC,**

                **Defendants.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

### DECISION & ORDER

**I.**    **INTRODUCTION**

On April 19, 2019, the Court denied that portion of Plaintiff's *ex parte* motion seeking to enjoin the state-court eviction proceeding in which Plaintiff is the respondent. See 04/19/16 Dec. & Ord., Dkt. No. 6. On April 23, 2019, Plaintiff filed another *ex parte* motion, this one again seeking to enjoin the same state-court eviction proceeding, see Dkt. No. 7 at 1 (seeking "an emergency injunction to put a stay on the summary proceedings from Schenectady City Court and to stop enforcement of the eviction warrant for April 26, 2019, until the proceedings in this federal court commence and are concluded"), and to "transfer [Plaintiff's] summary proceeding file from Schenectady City Court to this federal court since the issues stated concern the application of federal law."

1

Id. at 2. For the reasons that follow, Plaintiff's motion is denied.

**II.     DISCUSSION**

To the extent Plaintiff specifically seeks to enjoin the state-court eviction proceeding, the motion is denied. As the Court explained in the April 19, 2019 Decision and Order: "Due to the Anti–Injunction Act, 28 U.S.C. § 2283, the Court lacks jurisdiction to enjoin the state-court eviction proceeding." Dkt. No. 6 at 2; see also id. at 3-5 (explaining why none of the Anti–Injunction Act's three narrowly construed exceptions applied).

To the extent Plaintiff asks that her state-court eviction proceeding file be transferred to this Court, the relief is tantamount to interfering with, and thus enjoining, the state-court eviction proceeding. Because the Anti–Injunction Act divests this Court of jurisdiction to enjoin the state-court proceeding, the request in this regard is denied.

To the extent Plaintiff's request to transfer her state-court eviction proceeding file to this Court is an inartfully drafted request that this Court review a state-court final decision, or determine for itself whether Plaintiff's federal claims prohibit Plaintiff from being evicted, the Court questions whether the sought-after relief is barred by the Rooker-Feldman Doctrine,[1] or whether the Court should abstain under Younger v. Harris, 401 U.S. 37 (1971).[2] Nevertheless, because Plaintiff fails to follow the requirements for seeking an *ex*

---

[1] The Rooker-Feldman Doctrine holds that the lower federal courts have no jurisdiction over challenges to final state-court decisions. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); see also Hoblock v. Albany County Bd. of Elections, 422 F.3d 77, 85 (2d Cir. 2005).

[2] Under Younger, federal courts should "abstain from jurisdiction whenever federal claims have been or could have been presented in ongoing state judicial proceedings that concern important state interests." Hawaii Housing Auth. v. Midkiff, 467 U.S. 229, 237-38, 104 S. Ct. 2321, 81 L.Ed.2d 186 (1984); see also Spargo v. New York State Com'n on Judicial Conduct, 351 F.3d 65, 75 (2d Cir. 2003)("Younger generally

2

*parte* temporary retraining order or an order to show cause (as explained by the Court in the April 19, 2019 Decision and Order, Dkt. No. 6 at 5-6), the motion is denied with leave to renew. If Plaintiff intends to renew her application seeking either of these forms for relief (i.e. review of a final state-court decision or application of Plaintiff's federal claims to the eviction proceeding), Plaintiff would be well advised to either follow the requirements for seeking an *ex parte* temporary retraining order or an order to show cause, or provide advance notice to Defendants of any such application. Plaintiff's attempts to obtain *ex parte* relief from the Court without demonstrating good cause to excuse advance notice to the adversaries is contrary to the spirit and letter of the applicable procedural rules, see Dkt. No. 6, at 5-6, and will not be countenanced.

## III. CONCLUSION

For the reasons set forth above, Plaintiff's "Motion for an Emergency Injunction" (Dkt. No. 7) is **DENIED**.

**IT IS SO ORDERED.**

Dated: April 24, 2019

_____
Thomas J. McAvoy
Senior, U.S. District Judge

---

prohibits courts from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings so as to avoid unnecessary friction.")(interior quotes and citations omitted). Indeed, "Younger abstention is mandatory when: (1) there is a pending state proceeding, (2) that implicates an important state interest, and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of his or her federal constitutional claims." Spargo 351 F.3d at 75.